United States District Court
Southern District of Texas
**ENTERED**
October 09, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| LUCIO NAVARRO GARCIA<br>(TDCJ #02054631)<br>Petitioner,<br><br>VS.<br><br>LORIE DAVIS, Director,<br>Texas Department of Criminal<br>Justice, Correctional<br>Institutions Division<br>Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | MISC. ACTION NO. M-18-MC-0986 |

**REPORT & RECOMMENDATION**

Petitioner Lucio Navarro Garcia, a state prisoner proceeding pro se, filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. No. 1.) Petitioner failed to pay the $5 filing fee required to proceed with a civil action at the time he filed his motion, and he thereafter failed to comply with orders directing him either to pay the filing fee or submit a properly-supported request to proceed *in forma pauperis*. For the reasons that follow, the undersigned recommends that this action be dismissed for failure to prosecute.

**BACKGROUND**

On May 10, 2018, Petitioner initiated the pending miscellaneous action. (Dkt. No. 1 at 10.) Petitioner sought relief under 28 U.S.C. § 2254 for various grounds pertaining to the Texas Board of Pardons and Paroles' decision to deny Petitioner mandatory supervision. (Dkt. No. 1 at 6-7.) Petitioner claims that (1) he was denied mandatory supervision without due process and equal protection of the law when the Petitioner's mandatory supervision was denied by the Texas Board of Pardons and Paroles ("Board"); (2) his good-time and work-time credits were revoked

without due process due to the denial of mandatory supervision; (3) the procedures utilized by the Board in deciding whether are not to deny mandatory supervision are unconstitutionally arbitrary; and (4) his continued incarceration because of such a denial is an abuse of "unfettered discretion" in violation of the Equal Protection and Due Process Clauses. (*Id.*)

The undersigned entered multiple deficiency orders alerting Petitioner to his obligations under Rule 3(a) of the Rules Governing Section 2254 Cases. (Dkt. No.'s 2, 5 & 7.) Petitioner was notified in each order that he must either pay the $5.00 fee or request to proceed *in forma pauperis*. The orders were respectively issued on May 18, 2018, June 22, 2018, and August 1, 2018, and each set forth a 30 day deadline to comply with each order. The last order had provided a deadline of August 31, 2018. (Dkt. No. 7.) Petitioner was also warned that "failure to comply with [the orders seeking payment of the filing fee] could result in dismissal of this case for want of prosecution." (Dkt. No.'s 2, 5 & 7 (emphasis in original)). On three occasions, May 22, 2018, May 29, 2018 and July 16, 2018, two letters and one motion have been provided to the Clerk's Office from the Petitioner, or someone on his behalf, in regard to this petition. These documents addressed various issues but the Petitioner has yet to address the issue of his deficiency in paying the filing fee, or in the alternative, applying to proceed *in forma pauperis*. (*See* Dkt. No.'s 3, 4 & 6.) Currently, the Petitioner is incarcerated in the Segovia Unit[1], the location from where Petitioner begin this action and where all orders from the court have been sent. (Dkt. No. 1 at 1.)

## ANALYSIS

Petitioner's claims are subject to dismissal for failure to prosecute. Rule 41(b) provides that an action may be involuntarily dismissed where a party "fails to prosecute or to comply with

[1] *Offender Information Details*, Texas Department of Criminal Justice (last visited October 4, 2018), https://offender.tdcj.texas.gov/OffenderSearch/offenderDetail.action?sid=08733694.

these rules or a court order." Fed. R. Civ. P. 41(b). Such a dismissal may be made upon the court's own motion or on motion by the opposing party. *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). While a court should be "appropriately lenient" with a party proceeding pro se, "'[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Hulsey v. Texas*, 929 F.2d 168,171 (5th Cir. 1991) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)). Petitioner has failed to comply with the relevant rules and to prosecute this action.

It should be advised that even if Petitioner had paid the filing fee, it appears his claims are likely unexhausted based on the facts set forth in the Petition. Petitioner states that there is no state corrective remedy available to him, but the Texas Court of Criminal Appeals has held that claims like the Petitioners may still be raised in a state petition by a writ of habeas corpus per Texas Code of Criminal Procedure art. 11.07. *See Ex parte Geiken*, 28 S.W. 3d 553, 556-57 (Tex. Crim. App. 2000) (holding "that applicant can mount a due process challenge to the procedures used by the parole board in considering whether to release applicant to mandatory supervision.").

This action should be dismissed for failure to prosecute because Petitioner both failed to pay the filing fee and failed to comply with a court order. *Martin v. Pearson*, 405 F. App'x 859, 860 (5th Cir. 2010) (affirming district court's dismissal of a § 2241 habeas action where the petitioner failed to comply with the court's orders by refusing to paying the required filing fee); *see also Greathouse v. Tex. Dep't of Criminal Justice*, 379 F. App'x 403, 404 (5th Cir. 2010) (affirming district court's dismissal of a civil rights action where the petitioner failed to comply

with the court's order to pay a filing fee). It appears that no lesser sanction is available since Petitioner has taken no further action in this case.[2]

## CONCLUSION

### *Recommended Disposition*

After a careful review of the record and relevant law, the undersigned recommends that Movant's § 2254 motion (Dkt. No. 1) by **DENIED**. Finally, it is recommended that Movant's §2254 motion (Dkt. No. 1) be **DISMISSED** without prejudice for failure to prosecute.

### *Certificate of Appealability*

It is recommended that the District Court deny a Certificate of Appealability. The Petitioner may not appeal the final order of a habeas corpus proceeding "unless the circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). The § 2254 Rules instruct that the District Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." R. Gov. Sec. 2254 Cases 11. Because the undersigned recommends the dismissal of Petitioner's § 2254 action, it is necessary to address whether Petitioner is entitled to a certificate of appealability ("COA").

A Petitioner is entitled to a COA when it can be shown that a reasonable jurist would find it debatable "whether the petition states a valid claim of the denial of a constitutional right" and "whether [the court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. 2253(c). Because the undersigned finds that Petitioner fails to meet this threshold based on the facts as outlined above in regard to Petitioner's failure to pay the required

[2] A copy of this Report will be sent to Petitioner at the address he has provided. If Petitioner responds to this Report by complying with the prior deficiency order (Dkt. No. 7), the District Court may choose to not grant this Report and Recommendation and, instead, allow the Petitioner to go forward with the petition as a civil matter.

fee or, in the alternative, failure to seek a waiver due to lack of funds, it is recommended that the District Court deny a COA.

Accordingly, Petitioner is not entitled to a COA.

***Notice to the Parties***

Within 14 days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file written objections to the proposed findings and recommendations contained in this report within 14 days after service shall bar an aggrieved party from *de novo* review by the District Court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice.

The Clerk shall send a copy of this Order to Movant and counsel for Respondent.

**DONE** at McAllen, Texas, this 9th day of October 2018.

Juan F. Alanis
United States Magistrate Judge